**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x

In re:                                                                    :
                                                                              :         Chapter 11
SUNPOWER CORPORATION, *et al.*[1]                :         Case No. 24–11649 (CTG)
                                                                              :
                    Wind-Down Debtor.         :
-------------------------------------------------------- :
Mark Roberts, solely in his capacity as          :
Plan Administrator of the Debtor's wind-down  :
estate,                                                               :
                                                                              :
                    Plaintiff,                          :
                                                                              :         Adv. Pro. No.  **See Summons**
           v.                                                   :
                                                                              :
LTL LED, LLC dba Wolf River Electric,           :
                                                                              :
                    Defendant.                       :
----------------------------------------------------------x

**COMPLAINT**

Mark Roberts, solely in his capacity as the plan administrator (the "Plan Administrator" or "Plaintiff") for SunPower Corporation (the "Wind-Down Debtor") and its debtor affiliates (collectively, the "Debtors" or "SunPower") and their bankruptcy estates*,* by and through his undersigned counsel, as and for his complaint (this "Complaint") against LTL LED, LLC dba Wolf River Electric ("Defendant" or "Wolf River" and, together with the Plan Administrator, the "Parties"), hereby alleges as follows:

---

[1] The Wind-Down Debtor in this chapter 11 case, along with the last four digits of the Wind-Down Debtor's federal tax identification number, is SunPower Corporation (8969). On February 18, 2025, the Court entered an order closing the chapter 11 cases of SunPower's debtor affiliates (collectively, the "Closing Debtors"). The Closing Debtors, along with the last four digits of the Closing Debtors' federal tax identification numbers, are: SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Wind-Down Debtor's service address for purposes of this chapter 11 case is: 655 15th Street, NW, Suite 600, Washington, DC 20005, Attn: Mark Roberts, in his capacity as the Plan Administrator.

**NATURE OF THE CASE**

1. The Plan Administrator brings this action to recover a receivable balance owing by the Defendant.

2. The Debtors and Defendant were parties to one or more dealer agreements pursuant to which Defendant purchased products from the Debtors for resale, installation, and servicing to end-user customers.

3. In accordance with their agreements and related purchase orders for products, Defendant incurred certain payment obligations to the Debtors.

4. At the time of the Petition Date (defined below), Defendant owed the Debtors in excess of $3,881,323.10 in accrued and unpaid obligations (the "Receivable Balance").

5. The Plan Administrator seeks turnover and recovery of the Receivable Balance pursuant to section 542 of title 11 of the United States Code (the "Bankruptcy Code") and other applicable law.

6. In addition, the Plan Administrator seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or their estates or that has been scheduled for Defendant.  Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

7. In compliance with his Court-ordered obligations to wind-down the Wind-Down Debtor's estate, the Plan Administrator commences this adversary proceeding against Defendant seeking the turnover of the Receivable Balance which is property of the estate, or to otherwise order Defendant to pay such sums due to the estate.

2

**JURISDICTION AND VENUE**

8.      This adversary proceeding (the "Adversary Proceeding") is brought in accordance with rule 7001(a) and (i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

9.      This Adversary Proceeding arises under and relates to the chapter 11 cases of SunPower Corporation, case number 24-11649 (CTG) and its affiliated debtor cases (collectively, the "Bankruptcy Case").

10.     This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

11.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this is a proceeding arising under and/or related to the Bankruptcy Code and the Bankruptcy Case.

12.     This Court may grant the requested declaratory relief pursuant to 28 U.S.C. § 2201(a), and such relief is properly sought by adversary proceeding pursuant to Bankruptcy Rules 7001(a) and (i).  The statutory bases for the additional relief requested are sections 541 and 542 of the Bankruptcy Code.

13.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b) and pursuant to subsections (A), (B), and (E) of section 157(b).

14.     The Plan Administrator confirms his consent, pursuant to rule 7008-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and Bankruptcy Rule 7008, to the entry of a final order by this Court if it is determined that the Court, absent the parties' consent, cannot enter final orders or judgments herein consistent with Article III of the United States Constitution.

**PARTIES**

15.     The Plan Administrator was appointed in the Bankruptcy Case pursuant to the

RLF1 34461377v.1

Court's *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement for, and Confirming the Amended Joint Chapter 11 Plan of SunPower Corporation and its Debtors Affiliates* [D.I. 872] (the "Confirmation Order"), the confirmed plan [D.I. 829] (the "Plan") and the *Plan Administrator Agreement* [D.I. 1051-7], and is the plan administrator for the Debtors and their estates.

16.     The Plan Administrator is authorized to bring this Adversary Proceeding by the Confirmation Order and Plan, which bestow upon the Plan Administrator "the exclusive right, authority, and discretion to initiate, file, prosecute, enforce, abandon, settle, compromise, withdraw, or litigate to judgment" certain causes of action, including actions to recover sums owed to the wind-down estate and to recover avoidable transfers.[2]

17.     Defendant is a Minnesota corporation with a principal place of business in Isanti, Minnesota.

18.     At all relevant times, Defendant was a dealer, vendor, or creditor in the business of providing solar products, installation, and servicing to residential customers.

**STATEMENT OF FACTS**

19.     On or about March 1, 2021, Defendant entered into a Residential Dealer Agreement with SunPower (the "Dealer Agreement") pursuant to which Defendant agreed to become an authorized dealer and purchase certain SunPower products for resale, installation, and service to customers.

20.     Defendant did in fact purchase products from SunPower, which purchases were carried out by the submission of purchase orders to SunPower.  Among other things, the purchase orders designated the end-user customers to whom Defendant intended to resell the products.

---

[2] Confirmation Order § I; Plan Article IV(P).

RLF1 34461377v.1

21.     Defendant's obligation to pay SunPower for products was set forth in the Dealer Agreement, the SunPower Residential Dealer Price List, and corresponding purchase orders.

22.     Defendant accrued an unpaid and outstanding balance for amounts owed under its agreements with SunPower, with the amount owed net of credits and deductions comprising the Receivable Balance and consisting of no less than $3,881,323.10 exclusive of interest.  Attached as **Exhibit A** is a calculation of Defendant's outstanding Receivable Balance owing to SunPower.

23.     On August 5, 2024 (the "Petition Date"), SunPower filed voluntary petitions under chapter 11 of the Bankruptcy Code.

24.     On October 18, 2024, the Court entered the Confirmation Order and appointed the Plan Administrator as plan administrator for the Debtors, the Wind-Down Debtors and their bankruptcy estates.

25.     On January 17, 2025, the Plan Administrator, by and through counsel, sent a demand letter to Defendant, demanding payment of the Receivable Balance.

26.     The Plan Administrator has made subsequent demands since the initial date of demand.

27.     Defendant has not paid or turned over the amount demanded by the Plan Administrator.

## COUNT I
### TURNOVER OF PROPERTY OF THE ESTATE
### PURSUANT TO 11 U.S.C. §§ 541, 542

28.     The Plan Administrator repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

29.     The Receivable Balance is a sum certain as set forth in **Exhibit A** in which the Wind-Down Debtor's bankruptcy estate has an interest.

5

30. Defendant's obligation to pay the Receivable Balance is a debt in which the bankruptcy estate has an interest.

31. Defendant is not entitled to offset any claims as against the Receivable Balance.

32. The sum constituting the Receivable Balance, and Defendant's obligation to pay the Receivable Balance, constitute property which the Plan Administrator may use, sell, or lease.

33. The Plan Administrator is obligated under the Plan and Confirmation Order to collect and administer assets of the Debtors, including the Receivable Balance.

34. The Plan Administrator has demanded that Defendant turn over the Receivable Balance.

35. As of the date hereof, Defendant refuses to turn over the Receivable Balance.

36. Defendant must deliver to the Plan Administrator the Receivable Balance, which is of consequential value to the estate.

37. Defendant must turnover the Receivable Balance, in an amount of no less than $3,881,323.10 to be proven at trial, as property of the Debtors' estates pursuant to 11 U.S.C. §§ 541, 542.

## COUNT II
### BREACH OF CONTRACT

38. The Plan Administrator repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

39. The Dealer Agreement is a valid and enforceable contract supported by consideration.

40. The Plan Administrator, as successor to SunPower's rights under the Dealer Agreement, is entitled to enforce the Dealer Agreement.

41. Defendant materially breached the Dealer Agreement by failing to pay amounts due

6

RLF1 34461377v.1

and owing thereunder.

42.     The Debtors and the Plan Administrator, as plan administrator for the Wind-Down Debtor, performed under the Dealer Agreement.

43.     The Wind-Down Debtor's bankruptcy estate has suffered damages in an amount of no less than the sum of the unpaid Receivable Balance, plus interest, attorneys' fees and costs.

44.     The Plan Administrator is entitled to judgment against Defendant in an amount no less than $3,881,323.10 to be proven at trial for Defendant's breach of the Dealer Agreement.

## COUNT III
### DECLARATORY JUDGMENT THAT RECEIVABLE BALANCE IS OWED

45.     The Plan Administrator repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

46.     An actual, present, and justiciable controversy exists between the Plan Administrator and Defendant regarding the amount due and owing under the Parties' agreements including the Dealer Agreement.

47.     Defendant may dispute the calculation of the Receivable Balance or the enforceability of certain terms of the Dealer Agreement.

48.     The Plan Administrator contends that the Dealer Agreement and related agreements supporting the basis for and calculation of the Receivable Balance are enforceable, and Defendant is obligated to pay the amount of the Receivable Balance.

49.     A declaratory judgment by this Court will resolve any uncertainty regarding the foregoing and establish the respective rights and obligations of the Parties.

50.     A present, justiciable controversy exists regarding whether the Receivable Balance is owed and the amount owed.

51.     This Court is authorized to resolve this dispute pursuant to section 542 of the

RLF1 34461377v.1

Bankruptcy Code and Bankruptcy Rule 7001(a) and (i).

52.     The Plan Administrator is entitled to a declaration that the Receivable Balance is owing in the sum of $3,881,323.10.

## COUNT IV

### DISALLOWANCE OF CLAIMS
### PURSUANT TO 11 U.S.C. § 502(d) AND (j)

53.     The Plan Administrator repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

54.     The Receivable Balance is property recoverable from Defendant under section 542 of the Bankruptcy Code.

55.     Defendant has not paid the amount of the Receivable Balance or turned over such property.

56.     Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or its assignee, against the Debtors' or Wind-Down Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to the Plan Administrator an amount equal to the Receivable Balance, plus interest thereon and costs.

57.     Pursuant to section 502(j) of the Bankruptcy Code, any and all claims of Defendant, and/or its assignee, against the Debtors' or Wind-Down Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the Receivable Balance.

RLF1 34461377v.1

**PRAYER FOR RELIEF**

WHEREFORE, the Plan Administrator requests that this Court grant the following relief:

A.      On Count I, judgment in favor of the Plan Administrator and against Wolf River, under section 542 of the Bankruptcy Code, for turnover of the Receivable Balance, plus pre- and post-judgment interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.      On Count II, judgment in favor of the Plan Administrator and against Wolf River, that Wolf River breached the Dealer Agreement and is liable for resulting damages, plus pre- and post-judgment interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

C.      On Count III, declaratory judgment in favor of the Plan Administrator and against the Defendants, under Bankruptcy Rules 7001(a) and (i), that the Receivable Balance is owed in the amount of $3,881,323.10;

D.      On Count IV, judgment in favor of the Plan Administrator and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Receivable Balance to Plaintiff pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

E.      Such other and further relief as this Court deems just and proper.

*[Remainder of Page Intentionally Left Blank.]*

RLF1 34461377v.1

Dated: December 29, 2025

**RICHARDS, LAYTON & FINGER, P.A.**

_/s/ Jason M. Madron_
Kevin Gross (DE Bar No. 209)
Mark D. Collins (DE Bar No. 2981)
Jason M. Madron (DE Bar No. 4431)
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email:  gross@rlf.com
       collins@rlf.com
       madron@rlf.com

-and-

**ASK LLP**
Nicholas C. Brown, Esq. (_pro hac vice_ motion
forthcoming)
2600 Eagan Woods Drive, Ste. 400
St. Paul, MN 55121
Telephone: (651) 289-3846
Facsimile: (651) 406-9676
Email: nbrown@askllp.com

_Counsel to the Plan Administrator_

10

RLF1 34461377v.1