# Exhibit A

RLF1 35057060v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SUNPOWER CORPORATION, *et al.*[1]<br><br>                                    Debtors. | Chapter 11<br><br>Case No. 24-11649 (CTG)<br><br>(Jointly Administered) |
| Mark Roberts, solely in his capacity as Plan Administrator of the Debtor's wind-down estate,<br><br>                                    Plaintiff,<br>vs.<br><br>LTL LED, LLC dba Wolf River Electric,<br><br>                                    Defendant. | Adv. Pro. No. 25-52479 (CTG) |

**STIPULATED SCHEDULING ORDER**

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>"), the following schedule (the "<u>Scheduling Order</u>") shall apply.

**IT IS HEREBY ORDERED** that:

1. The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, is deemed to have occurred as of the date hereof.

---

[1] The Wind-Down Debtor in this chapter 11 case, along with the last four digits of the Wind-Down Debtor's federal tax identification number, is SunPower Corporation (8969). On February 18, 2025, the Court entered an order closing the chapter 11 cases of SunPower's debtor affiliates (collectively, the "<u>Closing Debtors</u>"). The Closing Debtors, along with the last four digits of the Closing Debtors' federal tax identification numbers, are: SunPower Corporation, Systems (8962); SunPower Capital, LLC (8450); SunPower Capital Services, LLC (9910); SunPower HoldCo, LLC (0454); SunPower North America, LLC (0194); Blue Raven Solar, LLC (3692); Blue Raven Solar Holdings, LLC (4577); BRS Field Ops, LLC (2370); and Falcon Acquisition HoldCo, Inc. (3335). The location of the Wind-Down Debtor's service address for purposes of this chapter 11 case is: 655 15th Street, NW, Suite 600, Washington, DC 20005, Attn: Mark Roberts, in his capacity as the Plan Administrator.

2. Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made within 14 days following entry of this Scheduling Order.

Fact Discovery

3. The parties may serve written interrogatories, document requests, and/or requests for admission pursuant to Fed R. Civ. P. 33, 34, and 36, respectively, and may serve subpoenas for written discovery on non-parties pursuant to Fed. R. Civ. P. 45, beginning 21 days following entry of this Scheduling Order.

4. The parties shall serve all written discovery requests, including non-party subpoenas, within 120 days after entry of this Scheduling Order.

5. The parties may serve notices of deposition of fact witnesses and subpoenas seeking depositions of non-party fact witnesses beginning sixty (60) days after entry of this Scheduling Order.

6. All non-expert fact discovery (including non-expert depositions) shall be completed within 180 days after entry of this Scheduling Order.

Mediation

7. The parties shall file a Stipulation Regarding Appointment of a Mediator, or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator, within 120 days after entry of this Scheduling Order.

8. The parties shall hold a mediation within 180 days after entry of this Scheduling Order.

Expert Discovery

9. The parties shall provide expert reports for any issue on which they bear the burden of proof within 210 days after entry of this Scheduling Order. Any Party's expert report intended to rebut any other expert report, shall be provided within 240 days after entry of

this Scheduling Order. All reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, within 270 following entry of this Scheduling Order.

Motions

10. All dispositive motions shall be filed and served by no later than within 300 days after entry of this Scheduling Order, and shall be subject to rule 7007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

Miscellaneous

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal, or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible.

12. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon either a written motion for good cause shown or under a certification of counsel upon the consent of the parties pursuant to a stipulation, which needs to be filed and approved by the Court.

12. The Plaintiff shall serve this Scheduling Order on the Defendant within five (5) business days after the entry of this Scheduling Order.